

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 18, 1965

Honorable Bess Blackwell
Executive Secretary
State Board of Cosmetology
Sam Houston State Office Bldg.
Austin, Texas

Dear Mrs. Blackwell:

Opinion No. C-529

Re: Whether a license is re-
quired for a fully equipped
beauty shop located in a
rest home owned and oper-
ated by The Order of the
Eastern Star for its re-
tired members, if the work
is performed by licensed
operators only, and related
questions.

In your opinion request to this office, you state the
following facts:

"A non-profit Texas Corporation, The Order
of the Eastern Star, hereinafter referred to
as 'The Order,' owns and operates a rest home
for retired members. The home is located in
Arlington, Tarrant County, Texas. Within the
home, a beauty shop which has been furnished
with donated equipment is provided for the
residents. A group of volunteers from The
Order, known as 'Pink Ladies,' were using the
beauty shop to shampoo and set hair for the
retired ladies resident in the home. Many of
these residents are without funds to pay for
such services. However, since there are now
more than one hundred (100) members resident
in the home, the need for an operator other
than the volunteers arose. A working agree-
ment was made with a licensed beauty operator
to work in the shop on two days each week and
to charge a small fee for their services, fur-
nishing at her own expense the supplies used
by her. Although the volunteers do not work
in the shop at times when the licensed oper-
ator is working, they do, at other times, of-
fer their services free of charge.

"In order to comply with the regulations governing a licensed operator, The Order obtained a permit from the State Board of Cosmetology, pursuant to Article 734b, Sections 6 and 8, Vernon's Penal Code, and registered its name and location with the State Board of Hairdressers and Cosmetologists, as required by Article 729, Vernon's Penal Code."

Your request presents six (6) questions. All of these questions deal with regulation of licensed hairdressing and cosmetology operators and/or licensed beauty shops, both of which are covered by Article 734b, Vernon's Penal Code. The sections of this Article dealing with licensed hairdressing and cosmetology operators, in connection with your questions, are Sections 2(b), 2(c) and 12. Section 2(b), V.P.C., provides:

"(b) The practice of hairdressing and cosmetology, as used herein, shall mean the use, by any person for a fee or other pecuniary compensation, of cosmetological preparations, antiseptics, tonics, lotions or creams, engaging in or performing any one (1) or a combination of the following matters, either with the hands or with mechanical or electrical apparati or appliances, to wit: cleansing, beautifying or performing any work on the scalp, face, neck, arms, bust or upper part of the body or manicuring the nails of any person, or in arranging, dressing, curling, waving, cleansing, cutting, singeing, bleaching, coloring or similar work upon the hair of any person by any means." (Emphasis added.)

Section 2(c), V.P.C., provides:

"(c) Any person using cosmetological preparations, antiseptics, tonics, lotions or creams engaging in or performing any one (1) or a combination of the following practices, either with the hands or with mechanical or electrical apparati or appliances, for a fee or other pecuniary compensation, namely, cleansing, beautifying, or performing any work on the scalp, face, neck, arms, bust or upper part of the body or manicuring the nails of any person or in arranging, dressing, curling, waving, cleansing, cutting, singeing, bleaching, coloring or similar work upon the hair

of any person by any means shall be deemed to be practicing cosmetology and hairdressing." (Emphasis added.)

Section 12, V.P.C., provides:

". . .Provided, further, that nothing in this Act shall, in any manner apply to, limit or prohibit the arranging, dressing, curling, waving, cleansing, singeing, bleaching, coloring of, or any work upon the hair of a person when performed in a private home without charge of fee. . . ."

Sections 2(b) and 2(c) provide that the practice of hairdressing and cosmetology shall be the performance of the acts therein named, and the use of preparations therein named, for a fee or pecuniary compensation.

Section 12 provides that this act shall not apply to work upon the hair of a person when performed in a private home without charge of fee.

Sections 2(h), 6, 9(a) and 12, V.P.C., deal with licensed beauty shops.

Section 2(h), V.P.C., provides:

"(h) A hairdressing or cosmetological shop is that part of any building where or in which hairdressing or cosmetology, as defined in this Act, is performed or practiced. For the purposes of this Act, a hairdressing or cosmetological shop shall be synonymous with beauty parlor, beauty shop, beauty salon or studio of beauty." (Emphasis added.)

Section 6, V.P.C., provides:

". . .no person, firm, association or corporation holding a license to conduct a beauty parlor or beauty shop under this Act shall permit any of the operations of hairdressing and cosmetology or manicuring to be performed in such shop by any person or persons unless such person or persons is, or are, the holder, or holders, of a license from the Board authorizing him or her to perform such operation."

Section 9(a), V.P.C., provides:

". . .It shall be unlawful for a person, firm, association or corporation to operate a beauty shop, or a beauty school, as defined in this Act, unless the same is a bona fide establishment with a permanent and definite location completely and permanently separated by solid walls, with no openings from rooms used wholly or in part for residential or sleeping purposes. . . ." (Emphasis added.)

Section 12, V.P.C., provides:

". . .Provided, further, that nothing in this Act shall prohibit a person licensed under this Act from performing duties as prescribed by this Act in the home of a customer in cases of emergency, when sent by a shop owner. . . ." (Emphasis added.)

Section 2(b) provides that a beauty shop is that part of any building where hairdressing and cosmetology is practiced.

Section 6 provides that none of the operations of hairdressing and cosmetology may be performed in a licensed beauty shop by persons who are not holders of a license from the Board of Hairdressers and Cosmetologists authorizing them to perform such operation. As previously noted, Sections 2(b) and 2(c) set forth the practices or acts which are the operations of hairdressing and cosmetology.

Section 9(a) provides that a beauty shop must have a permanent and definite location completely and be permanently separated by solid walls and with no openings from rooms used wholly or in part for residential or sleeping purposes.

Finally, Section 12 provides that a licensed operator can perform operations of hairdressing and cosmetology in the home of a customer in cases of emergency when sent by a shop owner.

Your facts state that the rest home has obtained a license to operate a beauty shop in order to comply with certain sections of our Penal Code. Before answering your questions, we inform you that it is not necessary for a "beauty shop" in a private rest home which is not open to the public to be licensed where work in the "shop" is performed only upon residents

of the home by volunteers who do not charge a fee for their
services and by licensed operators in case of an emergency.
If a shop license is held by the home, however, the shop would
be authorized to serve the general public. If this is not the
intent and purpose of the home, the shop license may be can-
celled upon request of the home.

## QUESTION NO. 1

Is a license required for a fully e-
quipped shop located in the rest home
if the work performed is by licensed
operators only and the shop is oper-
ated only on a specified day or spe-
cified days of the week?

The answer to this question is no. Section 12 provides
that licensed operators may perform their services in the home
of a customer in case of emergency when sent by a shop owner.
The rest home, for this purpose, is a private home. There is
no mention made in the Act of the equipment to be utilized and
the operators would certainly be expected to utilize all facil-
ities available to better perform their duties and to maintain
highest sanitation conditions. Therefore, the licensed oper-
ator, when sent by a shop owner to the home of a customer in a
case of emergency may utilize a fully equipped shop located in
the home. Of course, if there is not an emergency, then the li-
censed operators cannot perform their hairdressing and cosmetol-
ogical services in the home, since no provision is found in the
statute which allows this. Whether or not an emergency exists
is a question of fact and a question upon which this office can-
not pass.

## QUESTION NO. 2

Must a partially equipped shop (a
modified bathroom) in the rest home
be licensed where service is given
by both licensed operators and by
volunteers who do not charge fees?

The answer to this question is no for the same reasons
as given in the answer to Question No. 1. In this question there
is the additional problem that both licensed operators, who charge
a fee, and volunteers, who do not charge a fee, use the same fa-
cilities. Section 12 provides that a person may perform duties
named in Article 734b, V.P.C., in a private home without charge
of fee. Since the volunteer workers do not charge fees and

-2521-

perform their services in a private home, this is specifically permitted by said Section 12. This would also be true of the fully equipped shop in Question No. 1 if it is not a licensed shop.

### QUESTION NO. 3

Is it permissible for the retirement home owner to make an appointment through a currently licensed beauty shop for an operator to call at the home to give beauty services, taking with her the necessary implements from the shop?

The answer to this question is yes. Section 12 is clear and unambiguous. A licensed operator may perform her duties in the home of a customer when sent by a shop owner in cases of emergency.

### QUESTION NO. 4

Is it permissible for licensed operators to work in the licensed shop on certain days and on the other days for the shop to be used by the charity volunteers?

The answer to this question is no. Section 6 strictly prohibits any one other than licensed operators from performing any of the operations of hairdressing and cosmetology in a licensed shop. The operations of hairdressing and cosmetology are set forth in Sections 2(b) and 2(c), and these operations are the ones which only licensed operators can perform in a licensed beauty shop. However, as previously pointed out, there is no necessity for a fully equipped shop in a private home to be licensed and if the shop is not licensed, it may be used by both volunteers and by licensed operators in an emergency as previously noted in this opinion.

### QUESTION NO. 5

Must the shop in the rest home be licensed if the shop is used by volunteers who do not charge a fee for their services and by licensed operators by appointment only?

-2522-

The answer to this question is no. If the shop is in a private home and is not a licensed shop and no fee is being charged by the volunteers, then Article 734b, V.P.C., does not apply. When the appointment with the licensed operator is made, in cases of emergency, in accordance with Section 12 as hereinabove noted and the licensed operator is sent by a shop owner, the licensed operator is free to use the facilities available in the home in the performance of her duties. A licensed operator may not, however, perform her services outside a licensed shop except in accordance with Section 12.

## QUESTION NO. 6

Is it legal for a non-licensed volunteer who does not charge a fee for her services to work in a licensed shop located in a retirement home?

The answer to this question is no. Section 6 clearly and unequivocably states that no operations of hairdressing and cosmetology shall be performed in a licensed shop except by licensed operators. The fact that no fee is charged makes no difference, for the shop is licensed and the shop is what is regulated in this case. The volunteers would be performing the operations of hairdressing and cosmetology as set forth in Sections 2(b) and 2(c) even though no fee was being charged. Again, however, it is pointed out that no license is required for a shop, either fully or partially equipped, located in a private home such as this when the shop is used by volunteers and by licensed operators only in cases of emergency.

## SUMMARY

A beauty shop in a rest home need not be licensed; however, if the beauty shop is licensed, then the shop may serve the general public and non-licensed volunteers cannot perform any of the operations of hairdressing and cosmetology in the beauty shop regardless of whether or not a fee is charged. If the shop is not licensed, the unlicensed volunteers may utilize the facilities of the shop in the performance of the services of hairdressing and cosmetology upon residents of the home if no fee is charged and licensed

operators may utilize the facilities of the shop in cases of emergency when sent by a shop owner.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By ROBERT E. OWEN
Assistant Attorney General

REO:sss:br

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Phy
Robert W. Norris
W. O. Shultz
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright